UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| R. WAYNE KLEIN, The Court Appointed Receiver,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN FINANCE LIMITED PARTNERSHIP, an Idaho limited partnership,<br><br>        Defendant. | Case No. 4:10-CV-082-EJL-REB<br><br>**MEMORANDUM ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendant American Finance Limited Partnership's ("AFLP") Motion to Dismiss Pursuant FRCP 12(b)(1). (Mot. to Dismiss. Dkt. 3.) The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately represented in the briefs and record. Accordingly, and in the interest of avoiding further delay, and because the Court conclusively finds that the decisional

**MEMORANDUM ORDER - 1**

process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2009 the Securities and Exchange Commission ("SEC") filed suit[1] against Trigon Group, Inc. ("Trigon") and Daren L. Palmer ("Palmer") alleging they were engaged in a classic Ponzi scheme. (Pl.'s Opp. to Def.'s Mot. to Dismiss Pursuant to FRCP 12(b)(1), 2, Dkt. 9.) Pursuant to this action the District Court appointed R. Wayne Klein ("Klein") as temporary receiver of Trigon and the assets of Palmer with the instruction that:

> [T]he Receiver shall be authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and adjust actions in any state, federal or foreign court or proceeding of any kind as may in his sole discretion be advisable or proper to recover or conserve funds, assets and property of the Companies.

*Id.*

While acting as receiver Klein brought the current action against AFLP on February 17, 2010. Klein alleges AFLP received $215,000 from Trigon financed through the fraudulent activities of the Ponzi scheme. (Compl. to Avoid Fraudulent Transfers, for Constructive Trust and Other Provision Remedies for Damages, 7, Dkt. 1.) Klein seeks to recover these funds, plus interest, by alleging violations of Idaho Code § 55-913, 55-914 and 55-916 for fraudulent conveyance along with an equitable theory of constructive trust. *Id.* at 8.

---

[1] *U.S. Securities and Exchange Commission v. Palmer et al*, Civil Case No. 09-75-EJL.

**MEMORANDUM ORDER - 2**

On March 5, 2010 AFLP filed its Motion to Dismiss. AFLP alleges that the Court does not have subject matter jurisdiction to hear Klein's action because the Court cannot exercise ancillary jurisdiction over this claim.

## STANDARD OF LAW

"The jurisdiction of the federal courts is limited to 'cases' and 'controversies.'" *Oregon v. Legal Services Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) (quoting U.S. Const., Art. III, sec. 2). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Id.* (quoting Fed. R. Civ. P. 12(h)(3)). "An objection that a federal court lacks subject matter jurisdiction may be raised at any time, even after trial and the entry of judgment." *Id.* (citation omitted).

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (citing 28 U.S.C. §§ 1331, 1332(a)). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Id.*

A Defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) in one of two ways. *See*

**MEMORANDUM ORDER - 3**

*Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979)). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. *Id.* On the other hand, the defendant may launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." *Id.* When considering a "facial" attack made pursuant to Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988). A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus.,* 813 F.2d 1553, 1558 (9th Cir. 1987). When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill*, 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims ." *Thornhill*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of

**MEMORANDUM ORDER - 4**

jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine*, 704 F.2d at 1077). In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077 (citing *Thornhill*, 594 F.2d at 733-35). This case does not require the Court to resolve substantive issues in determining whether jurisdiction is proper.

## DISCUSSION

Klein asserts that the Court may exercise ancillary jurisdiction over his claim. Ancillary jurisdiction may be exercised to "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-80 (1994). Klein contends that the present action is for the purposes of enforcing the SEC's action against Trigon and Palmer which necessarily includes the authority to recover funds disbursed by the scheme. AFLP, which received funds in excess of its investment from Trigon and Palmer, contends that ancillary jurisdiction is improper.

The Supreme Court has acted to define the scope of ancillary jurisdiction. In *Peacock v. Thomas*, 516 U.S. 349 (1996), the Court held that in "a subsequent lawsuit involving claims with no independent basis for jurisdiction a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Id.* at 354 (citing *Kokkonen*, at

**MEMORANDUM ORDER - 5**

380-81). The Court has "reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments." *Id.* at 356. In *Peacock*, the plaintiff had won a judgment against a corporation under ERISA and had attempted to pierce the corporate veil to collect the judgment against the corporation's officers on a different theory of liability. *Id.* at 351. The Court rejected this claim and held that ancillary jurisdiction should not be exercised "in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Id.* at 357. AFLP contends that *Peacock* precludes the Court from exercising ancillary jurisdiction because Klein is pursuing a state law cause of action against a third party that was not found liable in the original judgment against Palmer. The Court respectfully disagrees that *Peacock* prevents ancillary jurisdiction in federal court.

In *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008), the Ninth Circuit cited *Peacock* as authority to proceed with ancillary jurisdiction on claims of pre-judgment avoidance of fraudulent conveyances. The factual situation in that case is almost identical to the one now before the Court. In *Donell* the SEC filed suit against a Ponzi scheme, a receiver was appointed, and the receiver brought state claims including fraudulent conveyance against a third party that had received funds above its original investment. *Id.* at 768-69. The Ninth Circuit found that jurisdiction was proper, and that "federal securities laws create exclusive federal jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by" federal securities laws." *Id.* at 769

**MEMORANDUM ORDER - 6**

(quoting 15 U.S.C. §§ 77v(a), 78aa); *accord Marion v. TDI Inc.*, 591 F.3d 137 (3rd Cir. 2010). The Ninth Circuit also held that bringing a state law action in federal court was proper under 28 U.S.C. § 1367. *Id.* Because Klein is engaged in almost the exact same activities as receiver for Trigon and Palmer's assets he contends that *Donell* should control.

AFLP argues that *Donell* is inconsistent with *Peacock*. On close examination, the Court finds this is not the case. It is clear that Klein's action against AFLP is only the enforcement of the prior SEC action against Trigon and Palmer. The theory for this fraudulent conveyance recovery was laid out in a case where the SEC attempted to recover funds from unjustly enriched investors in an insider trading deal:

> The SEC's claims is exactly the sort of claim approved in *Peacock*—it seeks to reach assets belonging to the judgment debtor found in the hands of relief defendants. The SEC seeks only to disgorge from the relief defendants, as alleged fraudulent transferees, the property [insider trader] transferred to them.

*SEC v. Antar*, 120 F.Supp.2d 431, 440 (D.N.J. 2000). Accordingly there is no conflict between *Peacock* and *Donell*. Klein is not pressing a new theory of liability against AFLP, he is enforcing the earlier SEC action that requires the recovery of funds from investors who were enriched by the Ponzi scheme so those funds can be distributed to investors who were defrauded by Trigon and Palmer. As such, it is appropriate for the Court to exercise its inherent power to enforce its own decisions and decide Klein's claim. This Court finds that exercising ancillary jurisdiction over Klein's state law claims against AFLP is consistent with the holding in *Peacock*.

**MEMORANDUM ORDER - 7**

## CONCLUSION

Klein's action is most properly characterized as an action to enforce this Court's prior decision against Trigon and Palmer. As such, it is within the Court's subject matter jurisdiction to adjudicate a state law cause of action action against a third party alleged to have received a pay out from the Ponzi scheme.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Dismiss Pursuant FRCP 12(b)(1) (Dkt. No. 3) is **DENIED**.

DATED: **July 1, 2010**

Honorable Edward J. Lodge
U. S. District Judge